IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHERYL BOONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 02-cv-0143-MJR |
| | ) |
| MARVIS BOWNES, | ) |
| LaMARCO BOWNES, | ) |
| MLM WORKS, INC., and | ) |
| 1ST METROPOLITAN MORTGAGE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Defendant First Metropolitan Mortgage failed to move, answer, or otherwise respond to Cheryl Boone's first amended complaint in this case. That complaint was filed December 1, 2004, stricken January 14, 2005, and reinstated February 14, 2005 (Docs. 143, 171, 184).

The Court's electronic filing system notified counsel for First Metropolitan of the *filing* of the first amended complaint at 2:12 pm on December 1, 2004 and notified counsel for First Metropolitan of the reinstatement of the first amended complaint at 10:58 am on February 14, 2005. First Metropolitan took no action with respect to the first amended complaint.

On March 4, 2005, Boone moved for a Clerk's entry of default and, separately, for default judgment against First Metropolitan (Docs. 203, 204). First Metropolitan's counsel received electronic notification of both motions as they were filed. First Metropolitan took no action in response to either motion and did not request additional time in which to move, answer, or otherwise plead in response to the first amended complaint.

Five days later, the Clerk of Court entered default as to First Metropolitan (Doc. 205). First Metropolitan's counsel was sent notification of the Clerk's entry of default at 11:53 am on March 9, 2005. First Metropolitan took no action to set aside or vacate the Clerk's entry of default.

Four weeks passed. On April 7, 2005, the undersigned District Judge granted Boone's motion for default *judgment* against First Metropolitan as to liability, reserving for later determination the question of damages (Doc. 219). Ten more days passed without a peep from First Metropolitan. Finally, on April 18, 2005, First Metropolitan moved to vacate the default judgment and file an answer herein (Doc. 220).

**FEDERAL RULES OF CIVIL PROCEDURE 55(c)** and **60(b)** authorize a District Court to set aside a clerk's entry of default or a default judgment "for good cause shown" and (as to motions challenging default judgments) "excusable neglect." A movant must satisfy the same three-pronged test to set aside an entry of default and a default judgment, but the test is applied more stringently if default judgment has been entered. ***Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 47 (7th Cir. 1994). *See also Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 250-51 (7th Cir. 1990).**

A party seeking to vacate a default judgment must show: (1) good cause for the default, (2) quick action to correct the default, and (3) a meritorious defense to the complaint. ***Robinson Engineering Co. Pension Plan and Trust v. George*, 223 F.3d 445, 453 (7th Cir. 2000); *U.S. v. 8136 Dobson Street, Chicago, Illinois,* 125 F.3d 1076, 1083 (7th Cir. 1997),** *cert. denied***, 523 U.S. 1111 (1998);** *Pretzel***, 28 F.3d at 45.**

Turning to the first element of the three-pronged test, the law of this Circuit clarifies what does *not* qualify as good cause for default. Communication breakdowns, mis-calendaring

answer deadlines, and "routine back-office problems" do not constitute good cause for default. ***Pretzel*, 28 F.3d at 45-46.** Nor does inadvertence, ignorance of an applicable deadline, unfamiliarity with the rules, or an erroneous belief as to the need to file an answer. ***Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074, 1075 (7th Cir. 1997); *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 133 (7th Cir. 1996).**

> The United States Court of Appeals for the Seventh Circuit has emphasized:
>
> [T]he standard for vacating default judgments requires that "cause" for failure to respond be separated from "good cause," and "neglect of litigation from "excusable neglect." The standards contained in the cases are justifiably vague, requiring extraordinary circumstances as a sufficient condition to justify disturbing a default judgment, *see, e.g., C.K.S. Eng'g, Inc.*, 726 F.2d at 1204-05 (collecting cases); *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 (7th Cir. 1983), or at least the absence of any willful disregard for duties, simple carelessness, or negligence before a default judgment will be vacated.

***Jones v. Phipps*, 39 F.3d 158, 164 (7th Cir. 1994).**

In the case at bar, First Metropolitan maintains that difficulties in the format of the first amended complaint (First Metropolitan received it in pdf format but preferred it in Word©) caused "confusion on the part of counsel" and that the situation was further muddied by the mistaken belief (by First Metropolitan's counsel) that Plaintiff soon would seek to file a second amended complaint, "thus obviating the immediate need to file a response to the First Amended Complaint" (Doc. 220, p. 4). Furthermore, First Metropolitan explains that, after the Clerk of Court made the entry of default, "the date to respond was not properly docketed," due to chaotic conditions at counsel's office in the wake of a key secretary's departure (*id*).

No explanation is tendered as to why, *prior* to the entry of default, First Metropolitan

took no action upon receiving notice of Boone's *filing* of the motions seeking entry of default and default judgment. The moment those motions were filed, First Metropolitan's counsel should have sensed the urgency of the situation. Moreover, the undersigned Judge waited *another four weeks* after the Clerk made the default entry before ruling on the motion for default judgment. Nothing in the record excuses the delay in letting a month elapse *after* receiving notification of the Clerk's entry of default. At that point alarm bells had plainly tolled, and First Metropolitan prolonged action at its own peril.

Additionally, First Metropolitan's prior record of inattention in this case belies the current assertion of excusable neglect. For instance, in September of 2002, First Metropolitan was defaulted on an earlier pleading (a cross-claim brought against First Metropolitan by Defendant Metro East Title). First Metropolitan had to move to vacate that default, a motion fortunately (for First Metropolitan) rendered moot by Metro East's filing of an *amended* cross-claim.

Plus, First Metropolitan simply failed to appear for the July 7, 2004 hearing/status conference before the undersigned Judge. And the Clerk's Office of this Court had to print and send paper copies of electronically-filed pleadings and Orders to First Metropolitan's counsel for months, until she properly registered as a user of this Court's electronic filing system – a step she took only after the undersigned Judge expressly directed her to do so via written Order.[1]

Here, as in ***Jones v. Phipps***, the party seeking to set aside default judgment has failed to demonstrate circumstances constituting <u>good</u> cause or <u>excusable</u> neglect. Rather, this case reveals

---

[1] The Court directed First Metropolitan's counsel to so register on 7/9/04 (*see* Doc. 119). First Metropolitan's counsel finally registered as a "user" of the CM/ECF system on 8/26/04 and obtained a password on 8/30/05.

simple inattention to "obligations in the period immediately preceding entry of default," and lack of any response on this issue until eleven days after the default judgment was entered, "an unfortunate choice given the relatively more liberal standard for vacating an entry of default as opposed to an actual default judgment." *Id.*, **39 F.3d at 164,** *citing Merrill Lynch*, **908 F.2d at 250.**

Particularly apt here is the Seventh Circuit's admonishment in *Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.,* **925 F.2d 226, 229 (7th Cir. 1991):**

> It is true that where exceptional circumstances demonstrate that the events contributing to a default judgment were not within the meaningful control of the defaulting party, Rule 60(b) relief may be warranted.... However, where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted.

Stated simply, First Metropolitan Mortgage has failed to show good cause for default so as to warrant the extraordinary relief available under Rule 60(b), as applied through Rule 55(c). *See McCormick v. City of* **Chicago, 230 F.3d 319, 327 (7th Cir. 2000)(Rule 60(b) relief is "an extraordinary remedy" granted only in "exceptional circumstances.").** Nor is the Court persuaded that First Metropolitan has shown a meritorious defense to Boone's claims. For all these reasons, the Court **DENIES** First Metropolitan's motion to vacate default judgment (Doc. 220).

**IT IS SO ORDERED.**

**DATED this 2nd day of May, 2005.**

            **s/ Michael J. Reagan**
            **MICHAEL J. REAGAN**
            **United States District Court**